UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

    -against-                                                    1:12-cr-0506 (LEK)

MARTIN KIMBER,

                Petitioner.

## DECISION and ORDER

On March 21, 2016, *pro se* Defendant Martin Kimber ("Defendant") filed a Motion to vacate his November 29, 2012 plea on several grounds, including ineffective assistance of trial counsel James Long. Dkt. No. 43 ("Motion to Vacate"). Presently before the Court is a Letter filed by the Government requesting a court order stating that the attorney-client privilege of Petitioner's former counsel is waived. Dkt. No. 48 ("Privilege Letter"). Both parties have also filed for extensions of their response and reply deadlines. Dkt. Nos. 49; 50.

In considering the Government's Motion, the Court must take into account the professional and ethical responsibilities of Defendant's former counsel. New York Rules of Professional Conduct 1.6 and 1.9 severely limit the circumstances under which a lawyer can disclose client communications without an express and informed waiver by the client. Furthermore, the Government properly raises the American Bar Association Committee on Ethics and Professional Responsibility's Formal Opinion 10-456, which discusses a lawyer's duties when a former client brings an ineffective assistance of counsel claim. ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). This opinion is not binding on the Court, as the Government correctly points out, Privilege Letter at 6, but it discusses the competing interests that arise in the context of an ineffective assistance claim and their impact on the confidentiality of attorney-client

communications.

In summary, the ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information," but cautions that this waiver does not operate to fully release an attorney from his or her obligation to keep client information confidential unless the client gives informed consent for disclosure or disclosure is sanctioned by an exception contained in Model Rule 1.6. After examining the various exceptions contained in Model Rule 1.6, the ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than ex parte meetings with the non-client party. The Court notes that New York Rule of Professional Conduct 1.6 only allows the lawyer "to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct," which may be narrower than the exception in Model Rule 1.6 allowing a lawyer "to respond to allegations in any proceeding concerning the lawyer's representation of the client."

However, New York Rule of Professional Conduct 1.6 also contains an exception for a lawyer "to comply with other law or court order." Federal courts have consistently held that an ineffective assistance of counsel claim waives the attorney-client privilege with respect to those communications forming the basis for the ineffective assistance claim. See, e.g., United States v. Pinson, 584 F.3d 972 (10th Cir. 2009); In re Lott, 424 F.3d 446 (6th Cir. 2005); Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003); Johnson v. Alabama, 256 F.3d 1156 (11th Cir. 2001). Rule 502 of the Federal Rules of Evidence was enacted to explicitly deal with the effect and extent

of a waiver of the attorney-client privilege in a federal proceeding.[1]  In relevant part, the rule reads:

> When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

FED. R. EVID. 502(a).  The Court therefore finds that Defendant has waived the privilege of his communications with his counsel insofar as he has disclosed those communications in his Motion to Vacate and any other communications that concern the same subject matter and ought to in fairness be considered together.

However, the Court, mindful of ABA Opinion 10-456, will not order a nonparty attorney to submit an affidavit without the benefit of more specific guidance from the Court.  The Government has provided neither the specific information they believe Mr. Long has nor arguments as to why that information falls within the privilege exception outlined above.  Given the preference for court-supervised proceedings over ex-parte meetings with the non-client party expressed in ABA Opinion 10-456, the Court is disinclined to allow the Government to speak directly to Mr. Long regarding these issues.  Furthermore, the Court can later order an evidentiary hearing or order to have the record expanded if it believes that the papers and the prior record are insufficient to resolve factual disputes.  See Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2009) (vacating and remanding for an evidentiary hearing on an ineffective assistance of counsel claim because at the pre-hearing

---

[1] The Federal Rules of Evidence are applicable in a § 2255 proceeding "to the extent that matters of evidence are not provided for in the statutes which govern procedure therein or in other rules prescribed by the Supreme Court pursuant to statutory authority."  FED. R. EVID. 1101(e); see also Ramirez v. United States, No. 96-CV-2090, 1997 WL 538817, at *4 (S.D.N.Y. Aug. 29, 1997).  The statutes and rules governing § 2255 actions do not address the attorney-client privilege.

3

stage, the defendant was "not required to establish that he will necessarily succeed on the claim" but instead was entitled to a hearing absent a conclusive showing that "the prisoner is entitled to no relief"); R. GOVERNING § 2255 PROCEEDINGS 7 (discussing a district court's ability to order an expansion of the record). If the Government wishes to obtain information from Mr. Long, it can avail itself of the court-supervised procedures outlined in Rule 6 of the Rules Governing § 2255 Proceedings for conducting discovery. In the meantime, the Government must still file a response to the Petition, after which the Court may decide that further factual development of Mr. Long's communications with Defendant is necessary.

Given that the Government primarily bases its Letter requesting an extension on the Letter requesting an order waiving attorney-client privilege, the Government's response for an extension will be granted as modified. The Government is directed to file their response **within thirty (30) days** of this Decision and Order. Finally, Plaintiff's request for an extension, given the realities of his situation, is granted. Plaintiff's reply is due **twenty-one (21) days** after the Government's response deadline.

Accordingly, it is hereby:

**ORDERED**, that the Government's Letter (Dkt. No. 48) is **DENIED**; and it is further

**ORDERED**, that the Government's Letter (Dkt. No. 50) requesting an extension of time to file a response is **GRANTED as modified**. The Government shall file a response **within thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED**, that Defendant's Letter (Dkt. No. 49) requesting an extension of time to reply is **GRANTED**. Defendant shall have **twenty-one (21) days** from the Government's response deadline to file a reply; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     June 29, 2016
           Albany, New York

Lawrence E. Kahn
U.S. District Judge